UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**HOWARD FRANK NEAL,**

    Petitioner,

v.                                                                                 Civil Action No. **3:07cv374**

**HELEN FAHEY,** *et al.*,

    Respondents.

## MEMORANDUM OPINION

Petitioner, a Virginia state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the Virginia Parole Board's ("Board") decisions not to grant him release on parole. Respondents have moved to dismiss on the grounds that Petitioner has not exhausted his state remedies. Petitioner has responded.

The Court notes that Petitioner's challenges to the Board's parole procedures may more appropriately be brought as a civil rights complaint under 42 U.S.C. § 1983, rather than as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Strader v. Troy*, 571 F.2d 1263, 1266-69 (4th Cir. 1978); *see also Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). The Court need not resolve the issue because Petitioner's underlying constitutional challenges are frivolous and subject to summary dismissal whether brought under 42 U.S.C. § 1983 or 28 U.S.C. § 2254. *See* 28 U.S.C. §1915A; 28 U.S.C. § 2243.

## I. SUMMARY OF ALLEGATIONS AND CLAIMS

In 1973, Petitioner was convicted and received a life sentence. In 1989, the Board released Petitioner on parole. In 1993, Petitioner was convicted of new offenses, his parole was revoked, and he was returned to prison. In 1997, Petitioner became eligible for parole on his

new sentence. From 1997 to the present, the Board has determined that Petitioner is not a suitable candidate for parole and has denied Petitioner release on parole. Specifically, the Board repeatedly has denied Petitioner release on parole due to the serious nature and circumstances of his offense. Petitioner contends that in denying him parole the Board is using newer, more stringent guidelines for parole release than the guidelines that existed in 1992. Petitioner contends that the Board's actions have violated his rights under the Due Process Clause, the Equal Protection Clause, the Ex Post Facto Clause, and the Eighth Amendment.

## II. DUE PROCESS

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest.[1] *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 570-72 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997); *Mallette v. Arlington County Employees' Supplemental Ret. Sys. II*, 91 F.3d 630, 634 (4th Cir. 1996).

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Nevertheless, a state may create a liberty interest in parole release, if its parole statutes affirmatively require that parole be granted unless certain specified events occur. *Id.* at 12. However, where a state holds out only the possibility of parole, an

---

[1] "No State shall . . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

2

inmate has a mere hope that the benefit will be obtained and that hope is not protected by due process. *See id.* at 11 (*citing Meachum v. Fano*, 427 U.S. 215, 225 (1976)).

Here, the pertinent statutes in effect at the time Petitioner committed his offenses were as follows:

> No person shall be released on parole by the Board until it has made, or caused to be made, a thorough investigation as to the history, the physical, and mental condition, and the character of the prisoner and his conduct, employment and attitude while in prison, nor until the Board has determined that his release on parole will be compatible with the interests of the prisoner and of society.

Va. Code Ann. § 53-253 (Michie 1972).

> No person shall be released on parole by the Board until a thorough investigation has been made into the prisoner's history, physical and mental condition and character and his conduct, employment and attitude while in prison. The Board shall also determine that his release on parole will not be incompatible with the interests of society or of the prisoner.

Va. Code Ann. § 53.1-155(A) (Michie 1993).

The foregoing statutes do not create "a presumption that release will be granted," *Greenholtz*, 442 U.S. at 12, but, instead, absolutely prohibit parole unless the Parole Board decides otherwise. *James v. Robinson*, 863 F. Supp. 275, 277 (E.D. Va.), *aff'd mem.*, 45 F.3d 426 (4th Cir. 1994). Indeed, the Fourth Circuit has examined the above language and repeatedly held that it does not create a liberty interest in parole release. *See Hill v. Jackson*, 64 F.3d 163, 170-71 (4th Cir. 1995) (reviewing Va. Code Ann. § 53.155); *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir. 1991) (en banc). Nevertheless, in light of the mandatory language requiring that "the Board shall review and decide the case of each prisoner no later than that part of the calendar year in which he becomes eligible for parole, and at least annually thereafter, until he is

released on parole" Va. Code Ann. § 53.1-154 (Michie 1993); Va. Code Ann. § 53-252 (Michie 1972), Petitioner may enjoy "some constitutionally protected interest at least in parole 'consideration' subject to due process." *Hill*, 64 F.3d at 170.

The limited liberty interest in parole consideration does not imbue with constitutional significance every procedure that the defendants may have employed in evaluating him for parole. *Id.* at 170. Because Petitioner does not have a "liberty interest in parole release under Virginia law, neither can [he] have any liberty interest in the underlying procedures governing parole determination, so long as the procedures themselves satisfy due process." *Id.* at 171 (*citing Ewell v. Murray*, 11 F.3d 482, 488 (4th Cir. 1993)).

The question thus becomes what procedures are required under the Due Process Clause in evaluating an inmate for discretionary release on parole. In *Franklin v. Shields*, 569 F.2d 784 (4th Cir. 1977) (en banc) (*per curiam*), the United States Court of Appeals for the Fourth Circuit rejected the notion that, when reviewing an inmate for release on parole, in order to satisfy due process, the Virginia Parole Board is required to provide an inmate with access to his prison files, to call witnesses, or provide any published criteria which govern its decision. *Id.* at 801. The Fourth Circuit concluded that, "at the present time the only explicit constitutional requisite is that the Board furnish to the prisoner a statement of its reasons for denial of parole." *Id.* Petitioner has received such a statement. Thus, Petitioner has received all of the process he was due. *Id.*; *see Bloodgood v. Garraghty*, 783 F.2d 470, 475 (4th Cir. 1986). Accordingly, Petitioner's claim that due process rights were violated will be DISMISSED.

## III. EQUAL PROTECTION

Petitioner contends that he is a victim of discrimination. Specifically, Petitioner asserts that the Board refuses to release him on parole because his prior crimes involved violence. The Equal Protection Clause "does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas*, 310 U.S. 141, 147 (1940). "A classification that categorizes inmates based on the type of criminal offenses for which they have been convicted does not implicate a suspect class." *Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998) (*citing Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996)). Thus, the rational basis test should be used to evaluate Petitioner's equal protection claim. *Id.* at 1036-37. It is perfectly reasonable for the Board to treat violent offenders differently from non-violent offenders when considering the propriety of their release on parole. *See id.* at 1037; *Grimm v. Jackson*, 849 F. Supp. 1127, 1137 (W.D. Va. 1994). Accordingly, Petitioner's Equal Protection Claim will be DISMISSED.

## IV. EX POST FACTO AND THE EIGHTH AMENDMENT

The Ex Post Facto clause provides that "[n]o . . . ex post facto Law shall be passed." U.S. Const. art. I, § 9, cl. 3. "The Ex Post Facto Clause bars enactments, which by retroactive application, increase the punishment for a crime that has already been committed." *Warren v. Baskerville*, 233 F.3d 204, 206 (4th Cir. 2000) (*citing Collins v. Youngblood*, 497 U.S. 37, 42 (1990)). Petitioner cannot establish an ex post facto violation based on the Board's use of newer, purportedly less favorable guidelines. *Warren*, 233 F.3d at 207. "As the constitutional text makes clear, the ex post facto prohibition applies to 'laws.'" *Id.* (*citing United States v. Ellen*, 961 F.2d 462, 465 (4th Cir. 1992); *Prater v. U.S. Parole Comm'n*, 802 F.2d 948, 951 (7th Cir.

1986) (en banc) ("The constitutional prohibition against ex post facto laws . . . is directed to the legislative branch of government rather than to the other branches.")). Thus, "[a] change in an administrative policy that was in effect at the time of a criminal's underlying offenses does not run afoul of the prohibition against ex post facto laws." *Id.* at 207 (*citing Ellen*, 961 F.2d at 465).

Here, Petitioner challenges a change in an administrative policy that was in effect at the time of his underlying offenses, and which comports with the discretion previously granted the Board by the legislature. Such an administrative change does not run afoul of the prohibition against ex post facto laws. *See id.* at 207-08; *see also Griggs v. Maryland*, 263 F.3d 355, 359 (4th Cir. 2001); *Moore v. O'Brien*, Civil Action No. 7:06cv00515, 2007 WL 1412934, at * 3 (W.D. Va. May 10, 2007). *Cf. Garner v. Jones*, 529 U.S. 244, 250 (2000) (finding that the controlling inquiry for Ex Post Facto analysis is whether retroactive application of the change in law creates a significant risk of increasing the measure of punishment). Accordingly, Petitioner's ex post facto claim will be DISMISSED.

Petitioner also asserts that the Board's actions have violated his rights under the Eighth Amendment.[2] The failure to release Petitioner prior to expiration of his sentence does not subject Petitioner to cruel and unusual punishment. *See Williamson v. Angelone*, 197 F. Supp. 2d 476, 480 (E.D. Va. 2001). Accordingly, Petitioner's Eighth Amendment claim will be DISMISSED.

---

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

The Petition for a writ of habeas corpus will be DENIED and the action will be DISMISSED.

An appropriate Order shall issue.

/s/
James R. Spencer
Chief United States District Judge

Entered this __18__ day of March 2008.